IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEEHAN TENNESSEE INVESTMENTS, LLC, et al.,** | ) ) ) | **CASE NO. 1:14 CV 994** |
| **Plaintiffs,** | ) ) | |
| v. | ) ) ) | **JUDGE DONALD C. NUGENT** |
| **GUARDIAN CAPITAL ADVISORS, INC., et al.,** | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | ) ) | |

This matter is before the Court on the Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim filed by Defendant, Praetorium Secured Fund I, L.P. (Docket #16); the Motion of Defendants Guardian Capital Advisors, Inc. and Kenneth A. Miller to Dismiss or in the Alternative to Transfer (Docket #17); and, the Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim or, in the Alternative, Motion for Transfer Under 28 U.S.C. § 1404(a) filed by Defendants George V. Cresson and George V. Cresson D/B/A Development Finance, L.P. (Docket #19).  Plaintiffs, Keehan Tennessee Investment, LLC; David Keehan; Donald J. Keehan, Sr.; Durham Ridge Investments LLC; Westlake Briar, LLC; Keehan Trust Funding, LLC; Donald J. Keehan, Jr.; and, 951 Realty Ltd., allege that Defendants breached the terms of certain loan commitment letters related to a Tennessee development

project.  Plaintiffs raise claims for breach of contract; economic duress; fraud; and, equitable subordination.

## Discussion

The Loan Commitment Term Sheet dated March 3, 2013, signed by Plaintiff, Keehan Tennessee Investment, LLC and Defendants, Guardian Capital Advisors, Inc. and Kenneth Miller, provides as follows with regard to jurisdiction:

> Governing Law and Jurisdiction
> This Term Sheet and Loan Documents and all matters arising out of or related thereto will be governed by the laws of the State of Ohio.  The parties acknowledge and consent to the exclusive jurisdiction of any competent court in Reno, Nevada.

See Amended Complaint, Exhibit A-2.

The Commitment Letter dated March 3, 2014, signed by Plaintiff, Keehan Tennessee Investment, LLC, and Defendants George V. Cresson and George V. Cresson D/B/A Development Finance, L.P., provides as follows with regard to jurisdiction:

> <u>Exclusive Jurisdiction</u>.  The parties acknowledge and consent to the exclusive jurisdiction of any competent court in Reno, Nevada.

See Amended Complaint, Exhibit A-3.

Plaintiffs argue that the Loan Commitments were entered into by Keehan Tennessee Investment, LLC and, that since there are additional named Plaintiffs who have not consented to a change of venue, and separate agreements between different Parties, that the Motion to Transfer must be denied.  Further, Plaintiffs argue that the forum selection clause in the Loan Commitment is permissive rather than mandatory and that Defendants have failed to offer any reason why transfer is appropriate in this case.

Title 28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district which all parties have consented." Where the Parties have not consented to transfer, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations" to determine whether transfer is warranted. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). The plaintiff's choice of forum is entitled to "some weight" in the analysis, and the burden rests with the movant to overcome that weight by showing (1) the parties' private interests and (2) other public-interest considerations militate in favor of transfer. *Id.* at 581 & n.6.4.

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 581. In that instance, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests," as they previously agreed (contractually) to litigate in a specified forum. *Id.* at 581-82. The party opposing transfer bears the burden of demonstrating the public interest factors overwhelmingly disfavor transfer. *Id.* at 583. However, such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement. *Id.* at 581-82. "In all but the most unusual cases . . . 'the interest of justice' is served by holding the parties to their bargain." *Id.* at 583. As stated in *Atlantic Marine*, "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582.

The Loan Commitment Term Sheet and Loan Commitment Letter unequivocally provide

-3-

that the Parties acknowledge and consent to the exclusive jurisdiction of any competent court in Reno, Nevada and Plaintiffs have offered no basis upon which to deviate from the express agreement of the Parties. Further, while there are other named Plaintiffs who were not signatories on the documents quoted above, the allegations raised in the Complaint arise out of the relationship created by these documents and it appears (although not totally explained or disputed by Plaintiffs) that all of the named Plaintiffs, Keehan Tennessee Investment, LLC; David Keehan; Donald J. Keehan, Sr.; Durham Ridge Investments LLC; Westlake Briar, LLC; Keehan Trust Funding, LLC; Donald J. Keehan, Jr.; and, 951 Realty Ltd., are interrelated. Therefore, it is a stretch for Plaintiffs to argue that transfer should be denied based on the fact that not all Plaintiffs were Parties to the original Loan Commitments. Accordingly, the Court must hold the Parties to their bargain and enforce the forum selection clause as written.

Defendant Praetorium seeks dismissal of Plaintiffs claims against it and does not mention the forum selection clause, nor does it request transfer in its Motion to Dismiss. However, Defendant Cresson is alleged to have represented himself as the principal and manager of both Development and Praetorium; both are alleged to have the same business purpose and operate out of the same address; Development and Praetorium are alleged to be indistinguishable; and, Plaintiffs' claims against Praetorium, whether or not they are viable, are inextricably intertwined with the other claims raised in the Complaint. Defendants Cresson and Development seek transfer of the claims raised against them to Nevada. Severing Plaintiffs' claims against Praetorium would result in an inefficient use of judicial resources and piecemeal litigation. Accordingly, the Court finds transfer of Plaintiffs' claims against Praetorium, with all other claims, to the United States District Court for the District of Nevada in Reno, Nevada, to be appropriate under the facts and circumstances of this case.

**Conclusion**

The Motion of Defendants Guardian Capital Advisors, Inc. and Kenneth A. Miller to Dismiss or in the Alternative to Transfer (Docket #17), and the Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim or, in the Alternative, Motion for Transfer Under 28 U.S.C. § 1404(a) filed by Defendants George V. Cresson and George V. Cresson D/B/A Development Finance, L.P. (Docket #19), are hereby GRANTED IN PART.  The Court hereby GRANTS the requested transfer this case to the United States District Court for the District of Nevada in Reno, Nevada.

The clerk shall transfer this case to the United States District Court for the District of Nevada in Reno, Nevada.

IT IS SO ORDERED.

                                             s/Donald C. Nugent
                                             Donald C. Nugent
                                             United States District Judge

DATED:  September 26, 2014